1
2
3
4
5

6                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8   ROBERT SMITH,                        )
                                         )
9             Plaintiff,                 )        CASE NO.     C04-2226-JLR-MJB
         v.                              )
10                                       )
                                         )
11  BETTIS, C/O, *et al.*,               )        REPORT & RECOMMENDATION
                                         )        RE: PRELIMINARY INJUNCTION
12            Defendants.                )
                                         )
13  _____)

14                               INTRODUCTION

15        Plaintiff Robert Smith is incarcerated in the Airway Heights Corrections Center in Airway

16  Heights, Washington.  He is in the process of prosecuting the instant civil rights action under 42

17  U.S.C. § 1983.  Plaintiff has filed a motion for a preliminary injunction (Doc. #44), in which he asserts

18  that prison officials have confiscated important legal materials.  Defendants have filed a response.[1]

19  (Doc. #42).  Having reviewed plaintiff's motion, defendants' response, and the balance of the record,

20  the court recommends, for the reasons set forth below, that the motion be denied.

21                                DISCUSSION

22        A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the

23  "alternative."  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

24  _____

25        [1] Defendants' response was filed *before* plaintiff's motion was received and filed by the court.
26  Plaintiff signed his motion on October 31, 2005 (Doc. #44 at 1) but the court did not receive it until
    November 16, 2005.

    REPORT & RECOMMENDATION RE: PRELIMINARY INJUNCTION
    PAGE - 1

1

2   Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

3

4

5   *Id.* (citations omitted).  In order to obtain injunctive relief, the moving party must demonstrate

6   exposure to irreparable harm absent the requested judicial intervention.  *Caribbean Marine Services*

7   *Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

8   Plaintiff alleges in his motion for preliminary injunction that on October 26, 2005, when he was

9   transferred from another prison into his current prison, officials confiscated important legal materials.

10  (Doc. #45 at 2; Doc. #46 at 2).  Plaintiff does not describe in detail the precise nature of the materials

11  taken, except to say that they included "evidence" in his pending lawsuit (Doc. #45 at 2), and a "legal

12  pleading" that represented one year of legal research.  (Doc. #46 at 2).

13  Defendants admit, in their response, that they did confiscate certain written materials, including

14  materials labeled as "legal."  (Doc. #42, Ex. 1 at 2).  However, defendants describe the confiscated

15  items as pornography, recipes for manufacturing illegal substances, and two books entitled "Columbia

16  Human Rights Law Review," and "The Prisoners' Self-Help Litigation Manual."  (*Id*. at 3).  The

17  books were confiscated because their covers had been altered and they therefore ran afoul of a prison

18  rule that prohibits inmates from possessing books that have covers that have been altered.  The

19  Property Room Sergeant explained the rationale behind this rule as follows: "[P]roperty that has been

20  altered creates a risk to the security of the institution because the property may have been altered to

21  conceal the fact that the property was stolen or bartered from another offender or it may have been

22  altered to conceal weapons or drugs."  (*Id*.)

23  While defendants' justification for confiscating plaintiff's two books with altered covers seems

24  questionable because the books had apparently been in plaintiff's possession when he was incarcerated

25  at his former prison, the court need not decide whether the justification is sufficient.  The burden is not

26  on defendants to justify taking plaintiff's legal materials.  Rather, in the present context of a motion for

1   a preliminary injunction, the burden is on plaintiff to show to irreparable harm absent the requested

2   judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

3   This plaintiff has not done.  While he asserts that the materials taken are necessary to successful

4   litigation of the pending lawsuit, he does not support this assertion with facts or argument.  For

5   example, he does not identify the nature of the legal pleading that allegedly represented one year of

6   legal research, nor does he explain how the materials taken could be used as evidence in his case.

7   Additionally, the court notes that plaintiff has appealed the confiscation of his materials to the next

8   level of prison authorities and so it is possible that at least some of them will be returned to him in the

9   future.

10         Accordingly, because plaintiff has failed to show that he will suffer irreparable injury if the

11  injunction does not issue, his motion for preliminary injunction should be denied.

12                          <u>CONCLUSION</u>

13         For the foregoing reasons, plaintiff's motion for preliminary injunction should be denied.  A

14  proposed Order accompanies this Report and Recommendation.

15         DATED this 29th day of November, 2005.

16

17         _____

18         MONICA J. BENTON
           United States Magistrate Judge

19

20

21

22

23

24

25

26

REPORT & RECOMMENDATION RE: PRELIMINARY INJUNCTION
PAGE - 3