
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   C04-2226-JLR-MJB |
| v. | ) | |
| | ) | |
| | ) | |
| BETTIS, C/O, *et al.*, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Robert Smith is a Washington state prisoner who has filed an action under 42 U.S.C. § 1983, alleging that prison guards searched his cell in violation of his civil rights. Defendants have filed a motion for summary judgment, to which plaintiff has filed a response. Having considered the motion, the response, and the balance of the record, the court recommends, for the reasons set forth below, that defendants' motion be granted and this action dismissed.

## BACKGROUND

The following facts are based upon declarations submitted by defendants and are undisputed:

On October 10, 2004, officers Rodney Bettis and Jason Heuer conducted a search of plaintiff's cell at the Washington State Reformatory in Monroe, Washington. (Doc. #50, Ex. 2 at 2). The search was one of four random searches conducted that night by Bettis and Heuer. (*Id.*) The purpose of the searches was to look for contraband and enhance prison security. (*Id.* at 1).

The search of plaintiff's cell lasted for thirteen minutes. (*Id.* at 2). Plaintiff was not allowed to observe the search, in order to protect the officers and also keep the search pattern confidential.

REPORT & RECOMMENDATION
PAGE - 1

1  (*Id.*)  During that time, Bettis and Heuer found and confiscated the following items: "one untagged
2  newspaper, one altered manila envelope, one pill baggie, some white creamy substance, two unit
3  rags, one paper bag, one altered book labeled 'Legal,' one altered book labeled 'Court Cases,' two
4  copies of pornographic sexually explicit materials, one dustpan and foxtail broom, and one altered
5  picture from a state magazine."  (Doc. #50, Ex. 3 at 2).  The two books were taken because their
6  covers had been removed in violation of prison policy.  (*Id.*)  The books were returned later that same
7  evening to plaintiff.  (*Id.*)

8                            PROCEDURAL HISTORY

9         On October 19, 2004, plaintiff submitted the instant civil rights complaint, using a form
10 provided by the court.  (Doc. #1).  The form asked plaintiff to answer certain questions, under
11 penalty of perjury.  In response to a question regarding how many lawsuits he had previously filed,
12 plaintiff listed three prior lawsuits.  However, the court noted that its records revealed that plaintiff
13 had filed approximately twenty-six prior lawsuits, including seven in 2004.  Accordingly, the court
14 ordered plaintiff to show cause why the instant action should not be dismissed for his failure to
15 disclose the correct number of lawsuits on the form complaint.  (Doc. #9).

16        On January 28, 2005, plaintiff responded to the Order to Show Cause, stating that he did not
17 remember all of his previous cases and that he was only permitted to retain in his cell the files of his
18 most recent cases.  (Doc. #13).  The court deemed this response adequate and granted plaintiff leave
19 to amend his complaint to cure other deficiencies.  (Doc. #14).

20        After several attempts, plaintiff filed a complaint that cured the deficiencies and the court
21 directed the Clerk to serve the complaint on defendants.  (Doc. #19).  Defendants filed their answer
22 on June 7, 2005.  (Doc. #22).  On June 9, 2005, the court issued an order setting deadlines for
23 discovery and pretrial dispositive motions.  (Doc. #25).

24        On August 15, 2005, defendants filed a motion to dismiss this action because plaintiff had
25 failed to appear at a deposition arranged by defendants to take place at the prison.  (Doc. #32).
26 Plaintiff filed a response to the motion, arguing that his failure to attend was based upon his belief

REPORT & RECOMMENDATION
PAGE - 2

1   that a court order was required to compel his attendance, and his fear that participating in a

2   deposition would render a trial unnecessary. (Doc. #33). The court accepted the good faith nature of

3   plaintiff's argument and denied the motion to dismiss. However, the court warned plaintiff that

4   failure to attend a deposition in the future would result in dismissal of his case. (Doc. #35 at 3).

5         On November 16, 2005, plaintiff filed a motion for a preliminary injunction, asserting

6   essentially the same claim as he presented in his complaint. (Doc. #44). After defendants responded,

7   the undersigned United States Magistrate Judge issued a Report and Recommendation,

8   recommending that plaintiff's motion be denied. (Doc. #48). The court adopted the Report and

9   Recommendation on January 13, 2006, and denied plaintiff's motion for preliminary injunction.

10  (Doc. #56).

11        On December 8, 2005, defendants filed the instant motion for summary judgment. (Doc.

12  #50). Plaintiff filed a response on December 21, 2005 (Doc. #53), and defendants have filed a reply.

13  (Doc. #54). The matter is now ready for review.

14                                    DISCUSSION

15        Summary judgment is proper only where "the pleadings, depositions, answers to

16  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

17  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

18  law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court

19  must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny &*

20  *Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving

21  party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See*

22  *Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material

23  fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg.*

24  *Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

25        As previously mentioned, plaintiff alleges that defendants violated his civil rights when they

26  searched his cell on October 10, 2004. Plaintiff asserts that the search should not have been

REPORT & RECOMMENDATION
PAGE - 3

1  conducted outside of his presence and that it was done in retaliation for his having filed a previous
2  lawsuit against one of the defendants. (Doc. #18 at 3). However, after reviewing the record, the
3  court concludes that plaintiff's claims lack legal and factual support.
4      First, plaintiff cites no authority for the proposition that prisoners must be present during a
5  search of their cell. Indeed, the case law is to the contrary. *See, e.g., Mitchell v. Dupnik*, 75 F.3d
6  517, 523 (9th Cir. 1996) ("Thus, even a pretrial detainee has no Fourth Amendment right to be
7  present during a search of his cell."). Second, plaintiff's assertion that the search was retaliatory is
8  not supported by any evidence. Although plaintiff alleges that defendant Bettis was motivated to
9  search plaintiff's cell because plaintiff had previously filed a lawsuit against him, Bettis states in his
10 declaration that he was unaware of the existence of the prior lawsuit when he searched plaintiff's cell.
11 (Doc. #50, Ex. 3 at 2). In addition, the circumstances surrounding the search – the fact that it lasted
12 only thirteen minutes and was one of four searches conducted randomly that evening by defendants –
13 indicate that plaintiff was not being singled out for vindictive treatment by defendants.
14     Therefore, the court concludes that plaintiff has not satisfied his burden of showing that a
15 genuine issue of material fact exists regarding his claim that defendants violated his civil rights when
16 they searched his cell. Accordingly, the court recommends that defendants' motion for summary
17 judgment be granted.

18 <center>CONCLUSION</center>

19     For the foregoing reasons, the court recommends that defendants' motion for summary
20 judgment be granted and this action be dismissed with prejudice. In addition, the court recommends
21 that this dismissal count as a "strike" under 28 U.S.C. § 1915(g), because plaintiff's claims are
22 legally and factually frivolous. A proposed Order accompanies this Report and Recommendation.
23     DATED this 31st day of January, 2006.

                                            /s/ Monica J. Benton
                                            MONICA J. BENTON
                                            United States Magistrate Judge